UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENDAL R. PITTS,

    Plaintiff,

        v.    CAUSE NO. 3:22-CV-270-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Kendal R. Pitts, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pitts alleges that, on March 23, 2020, he was stabbed by another inmate that was working as a range tender. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Pitts has not identified any specific, credible, and imminent risk of harm to him that was known by any defendant. Accordingly, he may not proceed on a claim for failure to protect him from the attack.

After the attack occurred, Officer Novac appeared at Pitts' cell and asked if he was okay. Pitts showed him the wound and Officer Novac asked what happened. Officer Novac called a signal. A few minutes later, Sgt. Lagvnas arrived and asked what happened. He told Pitts that medical help was on the way and asked him to cuff up. This required that Pitts remove his hand from the washcloth he was using to apply pressure to the wound, resulting in increased bleeding. A third officer assisted Pitts in making it downstairs, where Nurse Harding and Nurse Boggs were waiting with a gurney to take him to the medical unit. When Pitts arrived at the medical unit, Nurse Boggs opined that the injury was not that bad and was only a scratch. Nurse Harding, however, disagreed and determined that Pitts needed to go to the hospital immediately. Pitts was transported and spent four days in the hospital.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both

2

an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state

3

a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Pitts sued Officer Novac, who called a signal after seeing Pitts wound. Pitts sued Sgt. Lagvnas, who made him cuff up even though it increased his bleeding. And, Pitts sued Nurse Boggs because her initial assessment was inconsistent with that of Nurse Harding. The complaint, however, does not include facts from which it can be inferred that any of these defendants were deliberately indifferent to Pitts' safety. Therefore, these allegations do not state a claim.

Pitts also sued Ron Neal, Lt. Tibbles, Capt. Dustin, and Counselor Snyder. Other than listing these individuals as defendants, the complaint makes no mention of them. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Pitts has not alleged a basis for holding any of these defendants liable for either the attack or what transpired following the attack.

This complaint does not state a claim for which relief can be granted. Nevertheless, Pitts may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write

4

this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Kendal R. Pitts until **August 16, 2022**, to file an amended complaint; and

(2) CAUTIONS Kendal R. Pitts if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 13, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Pursuant to N.D. Ind. L.R. 7-6, the court requires the use of the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available in Pitts' prison law library.