UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENDAL R. PITTS,

    Plaintiff,

        v.                            CAUSE NO. 3:22-CV-270-JD-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Kendal R. Pitts, a prisoner without a lawyer, filed an amended complaint. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, the court notes that Pitts did not use the required Pro Se Prisoner Complaint form, as instructed. ECF 6 at 4-5. Pursuant to N.D. Ind. L.R. 7-6, the court requires the use of the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form because the use of a standardized form allows this court to efficiently gather and review

the information necessary to screen the complaint. Nonetheless, in this instance, the amended complaint will be considered without the use of the court's form.

Pitts alleges in his amended complaint that, on March 23, 2020, he was stabbed by another inmate, Nicholas Rushlow, who was working as a range tender. Rushlow's job responsibilities included cleaning and sanitation. He had access to brooms, and on the day Pitts was stabbed, Rushlow was sweeping the range. Rushlow passed by Pitts' cell slowly to assess where Pitts was in his cell. He then returned and threw the push broom (which had a homemade spear-like weapon attached to the end) at Pitts.

Pitts represents that Rushlow had a known history of conduct violations and that it was negligent for the sergeant, lieutenant, and counselors to hire him. Pitts references a disciplinary offense from April of 2018 in support of his assertion that it was negligent to hire Rushlow. *Rushlow v. Warden*, No. 3:18-CV-496-JD-MGG, 2019 WL 1505958, at *1 (N.D. Ind. Apr. 4, 2019) (denying a habeas corpus petition challenging a disciplinary hearing (ISP 18-03-417) where Rushlow had been found guilty of aiding and abetting in the assault of another offender on April 12, 2018). He further asserts that hiring Rushlow as a range tender placed Pitts and other inmates in imminent danger.

As previously explained (ECF 6), when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that

2

identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Pitts says that Rushlow posed an imminent risk of harm, but a history of past violence does not lead to the conclusion that the inmate posed an imminent risk of harm. Furthermore, the risk Rushmore posed was a general risk, not a specific, credible risk to Pitts' safety. Pitts does not allege that he communicated with any defendant about this risk. Instead, he alleges that Counselor Snyder, Lt. Tibbles, and Captain Dustin were responsible for reviewing an offender's disciplinary history prior to approval for placement in a job. He faults the sergeant, lieutenant, and counselor for hiring him without using their names, but presumably he is referring to Sgt. Lagvnas, Lt. Tibbles, and Counselor Snyder. The individuals responsible for reviewing Rushlow's history and hiring him were perhaps negligent, but negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). Accordingly, Pitts may not proceed against Counselor Snyder, Lt. Tibbles, Captain Dustin, or Sgt. Lagvnas on a claim for failure to protect him from the attack.

After the attack occurred, Officer Novac appeared at Pitts' cell and asked if he was okay. Pitts showed him the stab wound and Officer Novac asked what happened. Pitts exclaimed that he was dying, and Officer Novac called a signal. A few minutes later, Sgt. Lagvnas arrived and repeatedly asked what happened. Pitts repeatedly said he needed help. He told Pitts that medical help was on the way and asked him to cuff up. This required that Pitts remove his hand from the washcloth he was using to apply pressure to the wound, resulting in increased bleeding. Pitts cuffed up, as ordered. When he was released, he ran down the range to potentially get to medical help sooner. He began to lose consciousness, and another officer assisted Pitts down the stairs, where Nurse Harding and Nurse Boggs were waiting with a gurney to take him to the medical unit. When Pitts arrived at the medical unit, Nurse Boggs opined that the injury was not that bad and was only a scratch. Nurse Harding, however, disagreed and determined that Pitts needed to go to the hospital immediately. Pitts was transported and spent four days in the hospital.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The court's previous screening order explained that, to establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d

4

645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil*, 16 F.3d 123 at 124; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Pitts sued Officer Novac, who called a signal after seeing Pitts' wound. Pitts also sued Sgt. Lagvnas, who made him cuff up even though it increased his bleeding. Additionally, Pitts sued Nurse Boggs because her initial assessment was inconsistent with that of Nurse Harding. The amended complaint includes some additional details,

5

but the material allegations have not changed. It cannot be plausibly inferred from the allegations in the amended complaint that any of these defendants were deliberately indifferent to Pitts' safety. Therefore, these allegations do not state a claim.

Pitts also listed Ron Neal as a defendant, but the amended complaint makes no other mention of him. As previously explained, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Pitts has not alleged any facts suggesting that Ron Neal was personally involved such that he could be liable for either the attack or what transpired following the attack.

The amended complaint does not state a claim for which relief can be granted. It suffers from the same shortcomings as Pitts' original complaint. These deficiencies were explained to Pitts in the court's order dated July 13, 2022. ECF 6. He was given an opportunity to file an amended complaint if, after reviewing the court's order he believed he could state a claim. Pitts filed an amended complaint, but it too does not state a claim. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 26, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT